# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2020

Lyle W. Cayce
Clerk

No. 20-10331

Jose Vasquez,

*Plaintiff—Appellee*,

*versus*

Justin Landon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-340

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Officer Justin Landon appeals the district court's denial of summary judgment based on qualified immunity in this 42 U.S.C. § 1983 case. On the night of July 16, 2017, Officer Landon and several other Fort Worth Police Department officers responded to a call complaining that Jose Vasquez, who was intoxicated, was causing a disturbance and threatening his neighbor with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10331

a knife. Officer Landon asserts that Vasquez, standing on the grass near the bed of a pickup truck in the street, did not respond to Officer Landon's direction to raise and show his hands. Officer Landon then employed a "distractionary strike" to Vasquez's face to gain his compliance. Although Officer Landon said that he was concerned about the report of a knife, Officer Landon did not see a knife in Vasquez's hands when he struck Vasquez. The paramedics arrived thereafter, and Vasquez claims his nose was broken during the incident.

Vasquez filed suit claiming that Officer Landon's strike constituted excessive force, and Officer Landon raised the affirmative defense of qualified immunity in response. Based in large part on the body camera footage from the scene, the district court on a motion for summary judgment found that a jury could reasonably conclude that Officer Landon used excessive force in striking Vasquez. The district court therefore determined that the evidence presented a genuine issue of material fact that precluded granting summary judgment in favor of Officer Landon based on qualified immunity.

"The denial of qualified immunity on a motion for summary judgment is immediately appealable if it is based on a conclusion of law."[1] However, if the district court's "denial of qualified immunity rests on the basis that genuine issues of material fact exist," then this Court has no jurisdiction to hear the interlocutory appeal and we must dismiss the appeal.[2] After reviewing the body camera footage, we agree with the careful memorandum opinion and order of the district court that genuine issues of material fact have been presented.

---

[1] *Amador v. Vasquez*, 961 F.3d 721, 726 (5th Cir. 2020) (citations and internal quotation marks omitted).
[2] *Id.* (citation omitted).

No. 20-10331

Accordingly, the appeal is DISMISSED.